Mary Skrabal, as Executrix, etc., Substituted for Frances Taus, Appellant, v. Joseph Taus, Respondent, Impleaded with the Bowery Savings Bank.— Judgment affirmed, with costs. No opinion. Present — Ingraham, P. J., McLaughlin, Clarke, Scott and Hotchkiss, JJ.; Clarke and Hotchkiss, JJ., dissented.

Margeretha Nickel, as Administratrix, etc., of Henry L. Nickel, Deceased, Plaintiff, v. Frederick Ayer, Defendant.— Exceptions overruled and judgment ordered for defendant dismissing complaint, with costs. Order to be settled on notice. Present — Ingraham, P. J., McLaughlin, Clarke, Scott and Hotchkiss, JJ.

Christian F. Dilg, Appellant, v. Gustavus Emil Strauss, Respondent.— Judgment affirmed, with costs. No opinion. Present — Ingraham, P. J., McLaughlin, Clarke, Scott and Hotchkiss, JJ.

The People of the State of New York ex rel. Metropolitan Street Railway Company v. State Board of Tax Commissioners.— Motion for resettlement granted. Memorandum per curiam. Orders to be settled on notice. Present — Ingraham, P. J., Laughlin, Scott, Dowling and Hotchkiss, JJ.

---

## Third Department, March, 1914.

Effie M. Ainsworth, as Administratrix, etc., of William I. Ainsworth, Deceased, Respondent, *v.* The New York Central and Hudson River Railroad Company, Appellant.

*Negligence — death — damages.*

Appeal from a judgment of the Supreme Court, entered in the Albany county clerk's office on the 10th day of October, 1913, upon the verdict of a jury for $16,500, and also from an order entered on the 22d day of October, 1913.

Judgment and order reversed and new trial granted, with costs to appellant to abide event, unless the plaintiff stipulates to reduce the verdict to $12,000, and if she so stipulates the judgment is modified and as so modified judgment and order affirmed, without costs. All concurred, except Woodward, J., who voted for affirmance in opinion, in which Howard, J., concurred.

Woodward, J. (dissenting): I vote to affirm this judgment, and expressly dissent from that part of the decision which provides for a reduction of the amount of the recovery. In my judgment this is not a case calling for any such action by this court. The plaintiff's intestate was a man of forty-two years of age, intelligent, fairly well educated, sober and industrious, a respected member of society. He was actually